IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE CADLE COMPANY II, INC.,

    Plaintiff,

      v.

                        CIVIL ACTION FILE
                        NO. 1:14-CV-1418-TWT

KENNETH MENCHION, et al.,

    Defendants.

## OPINION AND ORDER

This is an action seeking to recover on a note. It is before the Court on the Defendant Prime Asset Fund V, LLC's Motion to Dismiss Cross-Claims of Defendant The Best Service Co., Inc. [Doc. 13], the Defendant Prime Asset Fund V, LLC's Motion to Dismiss the First Amended Crossclaim of Defendant The Best Service Co., Inc. [Doc. 46], the Plaintiff's Motion to Dismiss Counterclaim of Defendant The Best Service Co., Inc. [Doc. 17], the Plaintiff's Motion to Dismiss Amended Counterclaim of Defendant The Best Service Co., Inc. [Doc. 45], Prime Asset Fund V, LLC's Motion to Stay Proceedings [Doc. 19], the Plaintiff's Motion to Dismiss Counterclaim of Defendants Kenneth Menchion and Padrica Menchion [Doc. 34], the Defendant Prime Asset Fund V, LLC's Motion to Dismiss Plaintiff's Complaint for Lack of

Personal Jurisdiction [Doc. 37], and Prime Asset Fund V, LLC's Renewed Motion to Dismiss Plaintiff's [Amended] Complaint for Lack of Personal Jurisdiction [Doc. 62]. For the reasons stated below, all of the motions are DENIED.

## I. Background

This case arises out of an effort to collect on a note. On May 10, 2006, Kenneth and Padrica Menchion ("Menchion Defendants" or "the Menchions") executed a $200,000 note in favor of non-party American Home Mortgage.[1] American Home Mortgage assigned the note to Prime Asset Fund V, LLC ("Prime Asset"), via an indorsement on the note.[2]

Prime Asset then did several things with the note. First, on August 17, 2011, Prime Asset entered a written "Collection Agreement" with The Best Service Co., Inc. ("Best Service").[3] Then, on November 15, 2011, it entered into an "Assignment for Collection," which assigned the note to Best Service for the purposes of collection.[4]

---

[1]     Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 12.

[2]     Id. ¶ 14, Ex. C, p. 7.

[3]     Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 2.

[4]     Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 19; Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 6.

Prime Asset executed that assignment on November 29, 2012.[5] Best Service never took possession of the original note.[6] On December 21, 2012, Prime Asset also assigned the note to The Cadle Company II, Inc., by an Unsecured Loan Sale Agreement.[7]

The Menchions are in default of their obligations under the note.[8] On February 7, 2013, Best Service initiated a legal action in the State Court of Henry County, Georgia, to collect the amount due.[9] A default judgment was entered against the Menchions on April 11, 2013.[10] On April 16, 2013, the State Court entered a writ of fieri facias against the Menchions in the amount of the judgment, $273,753.75.[11] Subsequently, on June 26, 2013, the Menchions entered a settlement agreement with

---

[5]     Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 6.

[6]     Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 20.

[7]     Id. ¶ 15.

[8]     Id. ¶ 18.

[9]     Id. ¶ 21; Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 10.

[10]     Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 23; Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 11.

[11]     Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶¶ 23, 24.

Best Service, under which they would pay $150,000 to Best Service, in full satisfaction of the judgment.[12] The Menchions paid Best Service the full $150,000.[13] Best Service then cancelled the writ of fieri facias.[14] Of the $150,000, Best Service retained $60,000 and remitted the remaining $90,000 to Prime Asset, pursuant to their collection agreement.[15]

The Plaintiff filed this action in the State Court of Henry County, Georgia, on April 22, 2014.[16] Best Service removed the action to this Court on May 9, 2014.[17] The Plaintiff asserts a claim against the Menchions to recover on the note itself.[18] It also claims that Best Service tortiously interfered with the Plaintiff's contractual relations by collecting on the note.[19] Third, the Plaintiff claims that it is entitled to recover the

---

[12]    Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 12.

[13]    Id. ¶ 13.

[14]    Id.; Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 26.

[15]    Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 14.

[16]    Notice of Removal ¶ 1.

[17]    Id. at 5.

[18]    Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶¶ 33-34.

[19]    Id. ¶¶ 36-40.

Menchions' settlement money from Best Service and Prime Asset.[20] The Plaintiff

fourth claims that Prime Asset breached the Unsecured Note Sale Agreement.[21] It then

asserts claims for expenses of litigation and attorney's fees against Prime Asset and

Best Service,[22] as well as a claim for punitive damages against Best Service.[23] Finally,

the Plaintiff requests that the State Court judgment be set aside.[24]

The Defendants have also asserted various counterclaims against the Plaintiff

and crossclaims against each other. Best Service asserts a counterclaim against the

Plaintiff for set off on a theory of unjust enrichment.[25] It also asserts crossclaims

against Prime Asset for breach of contract, indemnification, and quantum meruit.[26]

The Menchion Defendants initially asserted counterclaims against the Plaintiff, but

---

[20] <u>Id.</u> ¶¶ 42-44.

[21] <u>Id.</u> ¶¶ 46-47.

[22] <u>Id.</u> ¶¶ 49-50.

[23] <u>Id.</u> ¶¶ 52-53.

[24] <u>Id.</u> ¶¶ 55-56.

[25] Def. The Best Service Co., Inc.'s First Amended Counterclaim Against Pl. ¶ 15.

[26] Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶¶ 20, 32, 40.

those have now been dismissed.[27] They also assert various crossclaims against Prime Asset and Best Service,[28] which are not presently at issue.

## II. Motion to Dismiss Standards

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

Regarding a motion to dismiss for lack of personal jurisdiction where no evidentiary hearing is held, "the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant."[29] The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict."[30] A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions."[31] The facts presented in the plaintiff's complaint are

---

[27]    Stipulation of Dismissal of Counterclaims of Defs. Kenneth Menchion and Padrica Menchion, at 1.

[28]    See generally Defs. Kenneth and Padrica Menchion's Answer, Aff. Defenses, Crossclaims, Counterclaims, and Mot. to Set Aside Judgment.

[29]    Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

[30]    Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

[31]    Walker v. NationsBank of Fla., 53 F.3d 1548, 1555 (11th Cir. 1995).

taken as true to the extent they are uncontroverted.[32] If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.[33] If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.[34]

### B. Motion to Dismiss for Failure to State a Claim

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[35] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[36] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most

---

[32] Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).

[33] Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

[34] Madara, 916 F.2d at 1514.

[35] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[36] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

favorable to the plaintiff.[37] Generally, notice pleading is all that is required for a valid complaint.[38] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[39]

## III. Discussion

### A. Prime Asset's Motion to Stay Proceedings

Prime Asset moves to stay these proceedings until a ruling on its motion to dismiss Best Service's counterclaims.[40] Because this Court rules on the motion to dismiss today, Prime Asset's Motion to Stay is now denied as moot.

---

[37] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[38] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[39] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[40] Prime Asset Fund V, LLC's Mot. to Stay Proceedings, at 1.

**B.     The Plaintiff's Motion to Dismiss Menchion Defendants' Counterclaims**

The Plaintiff moves to dismiss the Menchion Defendants' counterclaims for failure to state a claim.[41] On August 22, 2014, the Plaintiff and all the Defendants stipulated that all counterclaims by the Menchion Defendants against the Plaintiff were dismissed.[42] The Plaintiff's motion to dismiss those counterclaims is now therefore moot.

**C.     Prime Asset's Motions to Dismiss for Lack of Personal Jurisdiction**

Prime Asset moves to dismiss the Plaintiff's Amended Complaint and Best Service's Amended Crossclaim for lack of personal jurisdiction.[43] Assessing personal jurisdiction is a two-step inquiry.[44] First, the court must determine whether personal

---

[41]     Pl.'s Mot. to Dismiss Counterclaim of Defs. Kenneth Menchion and Padrica Menchion, at 1.

[42]     Stipulation of Dismissal of Counterclaims of Defendants Kenneth Menchion and Padrica Menchion, at 1-2.

[43]     Def. Prime Asset Fund V, LLC's Mot. to Dismiss Pl.'s Compl. for Lack of Personal Jurisdiction, at 1; Prime Asset Fund V, LLC's Renewed Mot. to Dismiss Pl.'s [Amended] Compl. for Lack of Personal Jurisdiction, at 1-2; Def. Prime Asset Fund V, LLC's Mot. to Dismiss the First Amended Cross-claim of Def. The Best Service Co., Inc., at 1.

[44]     Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010).

jurisdiction exists under the state's long-arm statute.[45] Then, the court must determine

whether the defendant has sufficient minimum contacts with the forum state to satisfy

the Due Process Clause of the Fourteenth Amendment.[46] Here, Prime Asset has

presented no affidavit or declaration evidence to contravert the allegations in the

complaint and the crossclaim, so this Court will take them as true.

## 1.    The Long-Arm Statute

Prime Asset is subject to personal jurisdiction under the Georgia  long-arm

statute. Both the Plaintiff and Best Service allege that personal jurisdiction exists

under the first prong of Georgia's long-arm statute.[47] That prong provides jurisdiction

where the cause of action arises out of the defendant's transaction of business in

Georgia.[48]

---

[45]    Id.

[46]    Id.; International Shoe Co. v. Washington, 326 U.S. 310 (1945).

[47]    Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 8; Def. The Best Service Co., Inc.'s Resp. in Opp'n to Def. Prime Asset Fund V, LLC's Mot. to Dismiss First Amended Crossclaim, at 7. The Plaintiff also alleges jurisdiction under the second and third prongs of the long-arm statute. Pl.'s First Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 8. Both of those prongs, however, require some tortious action, and the Plaintiff has not alleged a tort claim against Prime Asset. Regardless, because this Court finds that Prime Asset transacted business in Georgia, long-arm jurisdiction is proper.

[48]    O.C.G.A. § 9-10-91(1).

In considering whether a Georgia court may exercise jurisdiction over a nonresident based on the transaction of business, we apply a three-part test: Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.[49]

The initial two prongs of the test serve to establish minimum contacts with the state and the third allows the court to consider whether it is fair to exercise personal jurisdiction over the defendant.[50] There is no doubt, however, that the defendant must have transacted some business in Georgia for the long-arm statute to apply.[51] Physical presence in Georgia is not required for jurisdiction under the "transacts any business" prong of the long-arm statute – mail, telephone, and other intangible contacts may suffice.[52]

---

[49] <u>Aero Toy Store, LLC v. Grieves</u>, 279 Ga. App. 515, 517-18 (2006).

[50] <u>Id.</u>

[51] <u>Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.</u>, 593 F.3d 1249, 1259 (11th Cir. 2010).

[52] <u>Innovative Clinical & Consulting Servs. v. First Nat'l Bank of Ames, Iowa</u>, 279 Ga. 672, 676 (2005); <u>First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., LLC</u>, 280 Ga. App. 337, 338 (2006) (citing <u>Aero Toy Store</u>, 279 Ga. App. at 515).

Here, Prime Asset transacted some business in Georgia. It purchased a note from American Home Mortgage.[53] That note was executed within the state of Georgia.[54] Prime Asset also executed an Assignment for Collection with Best Service.[55] That assignment lists the Menchion Defendants' Georgia address.[56] Prime Asset's Operations Manager, Karen Cooksey, also prepared and signed an affidavit related to collecting on the note.[57] Prime Asset clearly expected to receive revenue from the state of Georgia, and did in fact receive $90,000 under the collection agreement.[58]

As the Georgia Supreme Court noted in <u>Innovative Clinical</u>, even mail or telephone contacts can satisfy the "transacts any business" prong of the long-arm statute.[59] Here, Prime Asset transacted business in Georgia by making contracts,

---

[53]    Pl.'s First Amended Compl. on Note, For Damages, and to Set Aside Judgment ¶ 14.

[54]    <u>Id.</u> at Ex. C, p. 7.

[55]    <u>Id.</u> at Ex. E.

[56]    <u>Id.</u>

[57]    <u>Id.</u> at Ex. F, p. 6.

[58]    Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 14.

[59]    <u>Innovative Clinical & Consulting Servs. v. First Nat'l Bank of Ames, Iowa,</u> 279 Ga. 672, 676 (2005).

allowing a collection action to continue, and receiving substantial revenue from the state. The Plaintiff's suit arises out of Prime Asset's actions regarding this note, as does Best Service's crossclaim, satisfying the second prong of the test from Aero Toy Store.[60] The long-arm statute applies to Prime Asset.

### 2.    Due Process

In terms of due process standards, the Court agrees with Prime Asset that there is no general personal jurisdiction over Prime Asset in Georgia. General jurisdiction may be exercised over a business entity when its contacts with the state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[61] The Plaintiff admits that Prime Asset is a limited liability company organized under the laws of Nevada, with its principal place of business in Florida.[62] There is no evidence whatsoever that Prime Asset has continuous and systematic contacts with Georgia such that general jurisdiction would be appropriate.

---

[60]    Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18 (2006) "Jurisdiction exists on the basis of transacting business in this state if . . . (2) the cause of action arises from or is connected with such act or transaction.").

[61]    Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

[62]    Pl.'s Amended Compl. on Note, for Damages, and to Set Aside Judgment ¶ 5.

Specific jurisdiction, however, is proper. Essentially, for specific jurisdiction to exist, "the defendant must have 'purposefully availed' itself of the privilege of conducting activities–that is, purposefully establishing contacts–in the forum state and there must be a sufficient nexus between those contacts and the litigation."[63] A single act can support jurisdiction if the defendant creates a substantial connection with the forum state.[64] Additionally, a contract alone does not establish the requisite minimum contacts, but combined with its terms, contemplated future consequences, and the parties' course of dealing, it may establish that the defendant has sufficient minimum contacts with the forum state.[65] Here, Prime Asset clearly could have anticipated a lawsuit being filed in Georgia because the Menchions' Georgia address was on the assignment for collection.[66] It also received substantial revenue ($90,000) as a result of that assignment contract and the resulting lawsuit.[67] It cannot be said that where Prime Asset initiated actions leading to a lawsuit in Georgia that it has not

---

[63]     Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1267 (11th Cir. 2010).

[64]     Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008).

[65]     Burger King v. Rudzewicz, 471 U.S. 462, 478 (1985).

[66]     Pl.'s First Amended Compl. on Note, For Damages, and to Set Aside Judgment, Ex. E.

[67]     Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC ¶ 14.

"purposefully availed" itself of the benefits of Georgia law. The forum selection and choice of law provisions in the various contracts at issue do not change this result because Prime Asset still created a connection with the state of Georgia.

Prime Asset urges this Court to find that fairness requires a different result. The Supreme Court requires courts to consider five factors in determining whether exercising jurisdiction would offend "traditional notions of fair play and substantial justice." Those factors are the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in efficiency, and the shared interest of the states in furthering fundamental social policies.[68]

As to the first factor, Prime Asset concedes that it would be willing to travel to New York to adjudicate this suit.[69] Traveling to Georgia would not therefore impose an undue burden on Prime Asset. Georgia has an interest in resolving this dispute because it involves Georgia citizens – the Menchions. The plaintiff's interest is in favor of resolving the entire case together, which counsels in favor of Georgia courts exercising jurisdiction. Similarly, it would be most efficient to resolve all claims,

---

[68]     Burger King, 471 U.S. at 477.

[69]     Def. Prime Asset Fund V, LLC's Br. in Support of its Mot. to Dismiss Pl.'s Compl. for Lack of Personal Jurisdiction, at 12.

counterclaims, and crossclaims in one suit. Further, no fundamental social policies counsel against this Court exercising jurisdiction here. Because personal jurisdiction over Prime Asset is proper, its motion to dismiss the Plaintiff's complaint, renewed motion to dismiss the Plaintiff's complaint, and its motion to dismiss Best Service's crossclaim must be denied.

### D. Prime Asset's Motion to Dismiss Best Service's Crossclaims

Because Prime Asset is subject to the jurisdiction of this Court, its 12(b)(6) motion to dismiss Best Service's crossclaims must be considered. Prime Asset moves to dismiss the first two counts of the crossclaim, those for breach of contract and indemnification.[70] Best Service amended its crossclaims following Prime Asset's motion to dismiss, including the same two counts for breach of contract and indemnification, as well as a third count for quantum meruit. Prime Asset then filed a motion to dismiss the amended crossclaim for lack of personal jurisdiction, which this Court has denied. Prime Asset has not moved to dismiss the quantum meruit claim under Rule 12(b)(6).

Best Service has pleaded sufficient facts to state a claim for breach of contract. In Georgia, a claim for breach of contract requires proof of the breach and the

---

[70]     Prime Asset Fund V, LLC's Br. in Support of Mot. to Dismiss Cross-Claims of Defendant The Best Service Co., Inc., at 2.

resulting damages.[71] Best Service attached the contract between it and Prime Asset to

its Amended Crossclaim.[72] The contract required Prime Asset "not to compromise any

accounts assigned to [Best Service],"[73] to leave the assigned loans with Best Service

for at least 120 days,[74] and to allow the loans to remain with Best Service after any

legal action is initiated.[75] The crossclaim alleges that Prime Asset breached these

provisions by assigning the Menchion Account to the Plaintiff.[76] It further alleges

damages.[77] Taking the factual allegations in the crossclaim as true, as the Court must

on a motion to dismiss, Best Service has stated a claim for breach of contract.

Best Service has also properly pleaded a claim for indemnification. The contract

between Best Service and Prime Asset requires Prime Asset to indemnify Best

Service.[78] Prime Asset initially objected to the indemnification claim because Best

---

[71]    Budget Rent-a-Car of Atlanta, Inc. v. Webb, 220 Ga. App. 278, 279 (1996).

[72]    Def. The Best Service Co., Inc.'s First Amended Crossclaim Against Def. Prime Asset Fund V, LLC, Ex. A.

[73]    Id. ¶ 3.

[74]    Id. ¶ 4.

[75]    Id. ¶ 5.

[76]    Id. ¶ 20.

[77]    Id. ¶¶ 22, 23.

[78]    Id. ¶ 32, Ex. A.

Service failed to attach the contract to its crossclaim.[79] The contract is attached to the Amended Crossclaim. The crossclaim alleges sufficient facts to show that if Best Service is liable to the Plaintiff, Prime Asset is required to indemnify Best Service. Prime Asset's motion to dismiss is therefore denied.

### E. The Plaintiff's Motion to Dismiss Best Service's Counterclaim

In its Answer, Best Service filed a counterclaim against the Plaintiff, alleging that if Best Service is liable to the Plaintiff, Best Service is entitled to set off due to unjust enrichment.[80] The Plaintiff then moved to dismiss that counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[81] Following the Plaintiff's motion to dismiss, Best Service amended its counterclaim.[82] The

---

[79] Def. Prime Asset Fund V, LLC's Mot. to Dismiss Cross-claims of Def. The Best Service Co., Inc., at 7.

[80] Def. The Best Service Co., Inc.'s Answer, Aff. Defenses, Crossclaim & Counterclaim, Counterclaim ¶ 7.

[81] Pl.'s Mot. to Dismiss Counterclaim of Def. The Best Service Co., Inc., at 1.

[82] Def. The Best Service Co., Inc.'s First Amended Counterclaim Against Pl.

amendment struck the initial counterclaim in its entirety.[83] The Plaintiff now moves to dismiss the Amended Counterclaim for failure to state a claim.[84]

As a threshold matter, because Best Service amended its counterclaim, the Plaintiff's initial motion to dismiss has been rendered moot. This Court will address Best Service's counterclaim as amended. Unjust enrichment is available when the party seeking relief has conferred a benefit on another party and the benefitting party equitably ought to return that benefit.[85] In its Amended Counterclaim, Best Service alleges that it undertook a collection action against the Menchions.[86] It further alleges that it expected to receive compensation for those collection services.[87] Additionally, it alleges that the Plaintiff knew about the collection action and took no steps to interfere.[88] Taking those allegations as true, as the Court must at the motion to dismiss stage, Best Service has pleaded sufficient facts to state a claim for set off based on unjust enrichment should the Plaintiff ultimately recover. Although the Plaintiff

---

[83]     Id. ¶ 1.

[84]     Pl.'s Mot. to Dismiss Amended Counterclaim of Def. The Best Service Co., Inc., at 1.

[85]     St. Paul Mercury Ins. Co. v. Meeks, 270 Ga. 136, 137 (1998).

[86]     Def. The Best Service Co., Inc.'s First Amended Counterclaim ¶ 9.

[87]     Id. ¶¶ 9, 10.

[88]     Id. ¶ 8.

alleges that the amount of Best Service's claim is not plausible,[89] the reasonable value of the services rendered is a disputed factual issue, which cannot be resolved based on the pleadings alone. The Plaintiff's Motion to Dismiss Best Service's First Amended Counterclaim is denied.

## IV. Conclusion

For the reasons stated above, the Defendant Prime Asset Fund V, LLC's Motion to Dismiss Cross-Claims of Defendant The Best Service Co., Inc. [Doc. 13] is DENIED, the Defendant Prime Asset Fund V, LLC's Motion to Dismiss the First Amended Crossclaim of Defendant The Best Service Co., Inc. [Doc. 46] is DENIED, the Plaintiff's Motion to Dismiss Counterclaim of Defendant The Best Service Co., Inc. [Doc. 17] is DENIED, the Plaintiff's Motion to Dismiss Amended Counterclaim of Defendant The Best Service Co., Inc. [Doc. 45] is DENIED, Prime Asset Fund V, LLC's Motion to Stay Proceedings [Doc. 19] is DENIED as moot, the Plaintiff's Motion to Dismiss Counterclaim of Defendants Kenneth Menchion and Padrica Menchion [Doc. 34] is DENIED as moot, the Defendant Prime Asset Fund V, LLC's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction [Doc. 37]

---

[89]     Br. in Supp. of Pl.'s Mot. to Dismiss Amended Counterclaim of Def. The Best Service Co., Inc., at 3.

is DENIED, and Prime Asset Fund V, LLC's Renewed Motion to Dismiss Plaintiff's

[Amended] Complaint for Lack of Personal Jurisdiction [Doc. 62] is DENIED.

SO ORDERED, this 6 day of October, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge