IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE CADLE COMPANY II, INC.,

   Plaintiff,

    v.

KENNETH MENCHION, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1418-TWT

**OPINION AND ORDER**

This is an action seeking to recover on a home equity line of credit. It is before the Court on the Defendants The Best Service Co., Inc., Padrica Menchion and Kenneth Menchion's Motion for Summary Judgment [Doc. 107] and the Plaintiff's Motion for Summary Judgment [Doc. 108]. For the reasons stated below, Best Service and the Menchions' Motion for Summary Judgment is GRANTED. The Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part.

## I. Background

On May 10, 2006, Kenneth and Padrica Menchion obtained a $200,000 home equity line of credit with American Home Mortgage.[1] American Home Mortgage assigned the note to Prime Asset Fund V, LLC ("Prime Asset"), through an indorsement on the face of the note.[2] On August 17, 2011, Prime Asset entered into a written collection agreement with The Best Service Co., Inc. ("Best Service").[3] Prime Asset assigned the Menchion account to Best Service for collection on November 15, 2011, and executed a written assignment for collection to that effect on November 29, 2012.[4] On February 7, 2013, Best Service filed a lawsuit in the State Court of Henry County, Georgia, to collect on the Menchion account.[5] A default judgment was entered against the Menchions on April 11, 2013.[6] On June 26, 2013, Best Service and the Menchions entered a settlement agreement under which the

---

[1] Pl.'s Statement of Facts ¶ 1. For simplicity, the Court will hereafter refer to the line of credit as a "note" or "account."

[2] Id. ¶ 3.

[3] Defs.' Statement of Facts ¶ 1.

[4] Id. ¶ 2.

[5] Id. ¶ 5.

[6] Id. ¶ 6.

Menchions would pay $150,000 in full satisfaction of the judgment.[7] The Menchions paid Best Service $150,000, and Best Service then cancelled the writ of fieri facias recorded in connection with the state court default judgment.[8] Best Service retained $60,000 from the settlement proceeds; Best Service paid Prime Asset the remaining $90,000.[9]

On December 21, 2012, Prime Asset sold a portfolio of accounts to the Plaintiff, The Cadle Company II, Inc., pursuant to an Unsecured Loan Sale Agreement.[10] Prime Asset represented that it had the right to sell the unsecured loans included in the agreement, that no one held any competing claims to the loans, that it was the sole owner of the loans, and that no loan included was the subject of a pending or threatened claim.[11] On March 22, 2013, Cadle filed a lawsuit on the note against the Menchions in the State Court of Henry County, Georgia.[12] Cadle dismissed its state court lawsuit without prejudice on May 1, 2013, in order to pursue additional claims

---

[7]  Id. ¶ 7.

[8]  Id. ¶ 8.

[9]  Id. ¶ 9.

[10] Pl.'s Statement of Facts ¶ 9.

[11] Id. ¶ 13.

[12] Id. ¶ 18.

against the Menchions, Prime Asset, and Best Service.[13] Cadle filed this lawsuit, claiming that it is entitled to recover from the Menchions on the note, as well as from Best Service and Prime Asset. The Menchions, Best Service, and Cadle all move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[14] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[15] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[16] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[17] "A mere 'scintilla' of evidence

---

[13] Id. ¶ 24.

[14] FED. R. CIV. P. 56(a).

[15] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[16] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[17] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[18]

### III. Discussion

**A. Claims Against Prime Asset**

The Plaintiff moves for summary judgment on its claim for breach of contract against Prime Asset. While there is no dispute that Prime Asset breached its warranties when it sold the Menchion account to the Plaintiff after having already assigned it to Best Service, the contract between the parties contemplates such a situation. Specifically, Section 6.3 of the Loan Sale Agreement states that "[i]f on any date between the Closing Date and April 30, 2013, the Buyer discovers that the Seller breached any representation or warranty set forth in [the] Agreement . . . then Seller shall repurchase the subject Unsecured Loans at the Repurchase Price."[19] Parties are allowed to limit their remedies under a contract as long as there is not an unreasonable disparity in remedy.[20] Here, the limitation of remedy is reasonable. It has a time limit and is restricted to breaches of representations or warranties during that time period.

---

[18] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[19] Prime Asset Fund V, LLC's Resp. to Pl.'s Mot. for Summ. J., Ex. 1, § 6.3.

[20] Inlet Beach Capital Investments, LLC v. F.D.I.C., 778 F.3d 904, 906 (11th Cir. 2014).

This is reasonable given the number of loans that are packaged and the potential for including one inadvertently, like what happened here. The Plaintiff's motion for summary judgment should be denied.

The Plaintiff also moves for summary judgment on its claim for money had and received against Prime Asset. A claim for money had and received requires proof that the defendant has money that the plaintiff is entitled to recover and that the defendant is not, in good conscience, entitled to retain.[21] Here, because the Loan Sale Agreement between the Plaintiff and Prime Asset explicitly limits remedies in a situation such as this one, the only money the Plaintiff is entitled to is the $762.68 repurchase price, as contemplated in Section 6.3 of the Loan Sale Agreement. The Plaintiff is not entitled to any of the proceeds of the Menchion account. The Plaintiff's motion for summary judgment on the claim for money had and received against Prime Asset should be denied.

**B. Claims Against Best Service**

Best Service moves for summary judgment on the Plaintiff's claim for tortious interference. In Georgia, a claim for tortious interference requires proof that the defendant acted improperly or wrongfully without privilege, acted purposely and with malice with the intent to injure, induced a breach of contractual obligations or caused

---

[21] William N. Robbins, P.C. v. Burns, 227 Ga. App. 262, 265 (1997).

a party or third party to discontinue or fail to enter a business relationship with the plaintiff, and proximately caused damage to the plaintiff.[22] For the purpose of tortious interference, "privilege means legitimate economic interests of the defendant or a legitimate relationship of the defendant to the contract, so that it is not considered a stranger, interloper, or meddler."[23] Here, Best Service's actions were privileged. Prime Asset assigned the Menchion account to Best Service for collection.[24] Due to that agreement, Best Service had an economic interest in the Menchion account. Because Best Service's actions were privileged, the Plaintiff cannot prove a claim for tortious interference. Furthermore, the Menchions were in default on their account in April of 2007.[25] Because they had already breached the contract in 2007, Best Service could not have induced the Menchions to breach a contract – Best Service was not assigned the account for collection until 2012. This defeats another element of the Plaintiff's claims. Best Service's motion for summary judgment on the claim for tortious interference should be granted. Additionally, because this Court grants summary

---

[22] Dalton Diversified, Inc. v. AmSouth Bank, 270 Ga. App. 203, 208-09 (2004).

[23] Disaster Servs., Inc. v. ERC P'ship, 228 Ga. App. 739, 741 (1997).

[24] Milstein Decl. ¶¶ 3-5, Ex. A.

[25] Defs. Kenneth and Padrica Menchion's Resp. in Opp'n to Pl.'s Mot. for Summ. J., at Ex. A, p. 101-102.

judgment on the claim for tortious interference, the Plaintiff's claim for punitive damages also must be dismissed. Best Service's motion for summary judgment on that claim should also be granted.

The Plaintiff and Best Service both move for summary judgment on the Plaintiff's claim for money had and received against Best Service. A claim for money had and received requires proof that the defendant has money that the plaintiff is entitled to recover and that the defendant is not, in good conscience, entitled to retain.[26] Here, Best Service only retained the $60,000 that its assignment for collection from Prime Asset entitled it to retain. Additionally, because this Court finds that the Menchion account is to be repurchased by Prime Asset, the Plaintiff has no claim to any proceeds from that account. Best Service's motion for summary judgment on the claim for money had and received should be granted. The Plaintiff's motion on that claim should be denied. Best Service moves for summary judgment on the Plaintiff's claim for attorneys' fees. There is no evidence that Best Service acted in bad faith, was stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense. Best Service's motion for summary judgment on the claim for attorneys' fees should be granted.

---

[26] <u>William N. Robbins, P.C. v. Burns</u>, 227 Ga. App. 262, 265 (1997).

The Plaintiff moves for summary judgment on Best Service's counterclaim for unjust enrichment. That counterclaim is in the nature of a claim for setoff. Because this Court grants summary judgment on all claims against Best Service, there is no need for setoff. Best Service has not conveyed any benefit on the Plaintiff that would entitle Best Service to recovery for unjust enrichment. The Plaintiff's motion for summary judgment on the counterclaim for unjust enrichment should be granted.

### C. Claims Against the Menchions

The Plaintiff, the Menchions, and Best Service all move for summary judgment on the Plaintiff's claim to set aside the state court judgment against the Menchions. The Plaintiff moves to set aside the judgment under O.C.G.A. § 9-11-60(d). The Georgia Court of Appeals has held, however, that only the person against whom the judgment is rendered may raise a collateral attack under that statute.[27] Because the judgment here was not rendered against the Plaintiff, it cannot move to set aside that judgment. The Defendants' motion for summary judgment on the claim to set aside the judgment should be granted and the Plaintiff's motion for summary judgment should be denied.

---

[27] Peek v. Southern Guaranty Ins. Co., 142 Ga. App. 671, 672 (1977), rev'd on other grounds, 240 Ga. 498 (1978).

The Plaintiff and the Menchions move for summary judgment on the Plaintiff's claim on the note against the Menchions. The Menchions argue that Cadle is barred from re-litigating claims against them under the doctrine of either collateral estoppel or res judicata. In Georgia, collateral estoppel requires proof that an issue of fact was actually litigated and determined by a valid judgment and that the determination was essential to the judgment.[28] Res judicata requires identity of the cause of action, identity of the parties or their privies, and previous adjudication on the merits by a court of competent jurisdiction.[29]

Because the state court judgment was a default judgment, the issue was not actually litigated, so collateral estoppel cannot apply. Only res judicata is at issue. The Plaintiff does not contest that the cause of action here is identical to that in the state court judgment. Instead, the Plaintiff argues that there is no identity of the parties because it was not involved in the initial litigation. Identity of the parties exists where the party to the judgment represented the same legal right as that at issue in the present matter.[30] Here, Best Service and Prime Asset represented the same legal interest that the Plaintiff would have represented – recovering on the note. Identity of the parties

---

[28] Kent v. Kent, 265 Ga. 211 (1995).

[29] Waldroup v. Green Cnty. Hosp. Auth., 265 Ga. 864, 867 (1995).

[30] Pinkard v. Morris, 215 Ga. App. 297, 298 (1994).

therefore exists. The State Court of Henry County, Georgia, also had jurisdiction in this matter. And a default judgment is a judgment on the merits.[31] Res judicata therefore bars the Plaintiff from suing the Menchions to recover on the note. And rightly so. If this Court were to hold otherwise, the Menchions would potentially be subject to double liability. This is not to say, however, that the Plaintiff is without remedy – instead it can sue Best Service and Prime Asset to recover any money it is due, which is exactly what it did. Additionally, even if the Plaintiff had not been in privity with Best Service, because this Court finds today that the Menchion account was subject to repurchase, the Plaintiff would not be entitled to recover from the Menchions. The Menchions' motion for summary judgment on the Plaintiff's claim on the note should therefore be granted and the Plaintiff's motion for summary judgment should be denied.

## IV. Conclusion

For the reasons stated above, the Defendants The Best Service Co., Inc., Padrica Menchion and Kenneth Menchion's Motion for Summary Judgment [Doc. 107] is GRANTED and the Plaintiff's Motion for Summary Judgment [Doc. 108] is GRANTED in part and DENIED in part.

---

[31] <u>Butler v. Home Furnishing Co.</u>, 163 Ga. App. 825 (1982).

SO ORDERED, this 2 day of December, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge